## MATTER OF LONG ISLAND RAILROAD COMPANY.

*Real estate — owner of entitled to fixtures erected by trespasser — railroad track. Damages — measure of in proceedings to acquire land.*

Where a railroad company, without acquiring title and without the consent of the owner, took possession of land and laid a railroad track thereon, and afterward instituted proceedings to acquire title, *held*, that the company being trespassers, the fixtures they placed on the land while occupying it belonged to the owner of the soil, and he was entitled to be allowed the value of the track as a fixture on the appraisal of damages in the proceedings to acquire title.

In such case the increased value of the land for the beneficial enjoyment thereof by reason of the affixing of the track is the measure of increased compensation.

APPEAL by Charles A. Van Sise from an order at special term affirming the report of commissioners of appraisal in the matter of the proceedings of the Long Island Railroad Company to acquire title to the real estate of said appellant, and also from the report of said commissioners.

The proceedings were instituted under the general railroad law. The evidence taken before the commissioners showed that while the land in question was in possession of the appellant's grantor the railroad company laid its track over it. The appellant offered to show that the company took possession of such land and laid such track without permission or consent; also the value of the improvements which the company had put upon the land, consisting of iron, ties, etc., for the purpose of having such value included in the compensation to be awarded. This was excluded by the commissioners on the ground that, as a matter of law, he was not entitled thereto.

*Thomas Young*, for appellant. Improvements made upon land by a trespasser belong to the owner of the land. 2 Kent's Com. (11th ed.) 334, 338 ; *Frear* v. *Hardenbergh*, 5 Johns. 272 ; *Graham* v. *Connersville, etc., R. R. Co.*, 10 Am. Rep. 56 ; S. C., 36 Ind. 463. A railroad company who take land without permission are trespassers. *Graham* v. *Connersville, etc., R. R. Co., supra; Bloodgood* v. *Mohawk, etc., R. R. Co.*, 18 Wend. 9 ; 1 Redfield on Railways (3d ed.), 240, 365. The owner was entitled to the value at the time of the assessment of the improvements affixed. 1 Redfield on Railways, 350 ; *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169.

*Benj. W. Downing*, for respondent.

Present — TAPPEN and GILBERT, JJ.

TAPPEN, J. The railroad company being in occupation of a strip of land with their track thereon, took proceedings under the general railroad act to acquire title.

It appears that when the track was laid, the farm, embracing this strip of land, belonged to one Stewart, and that he conveyed to Van Sise, who was the owner when such proceedings were taken. Van Sise sought compensation not only for the land, but for the improvement put thereon; he offered to prove that the entry on the land was without the owner's consent, and also to prove the value of the rails, ties, etc., on the strip in question. The commissioners refused to allow proof of these facts, and Van Sise appeals from the order confirming their report.

We are of opinion that the railroad company, if they entered without consent, were trespassers as to the then owner, and as to Van Sise, who acquired title from him, and that any fixtures they placed on the land, while their occupation thereof was that of trespassers, belong to the owner who is such at the time of the making of the valuation.

The commissioners, therefore, erred in rejecting the testimony offered by Van Sise. In making such proof we do not understand that the value of each tie and rail is to be determined; the railway track composed of rails and ties is a fixture of the land, and its value as a fixture enhancing the value of the land for the beneficial enjoyment thereof is the measure of compensation.

The order of the special term should be reversed, and the case

sent to the commissioners to take the proofs accordingly, with $10 costs to appellant to abide event.

*Ordered accordingly*

NOTE.—*Graham* v. *Connersville & New Castle Junction Railroad Co.*, 10 Am. Rep. 56 (36 Ind. 463), was a case involving the same facts as the foregoing. The railroad company entered upon Graham's land without his consent and erected buildings. Two years thereafter the company began proceedings to appropriate such land to its use. The Supreme Court of Indiana held that the owner of the land was entitled to compensation for its value with the improvements thereon at the time the proceedings to appropriate were instituted, and not that at the time the land was entered, which is in harmony with the doctrine of the foregoing case.